O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #38

CIVIL MINUTES - GENERAL

| Case No. | CV 08-8211 PSG (JCx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | Sam Liang v. Trong Van Nguyen | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Denying Defendants' Ex Parte Motion

     Before this Court is Defendants' Ex Parte Motion.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court hereby DENIES the Motion.

I.     BACKGROUND

     On February 5, 2009, the Court granted in part Sam Liang's ("Plaintiff") motion for preliminary injunction against Trong Van Nguyen, Que Lan Truong Nguyen, Hung Van Nguyen, and D&D Gold Product Corporation ("Defendants").  That injunction became effective immediately upon the filing of an undertaking in the amount of $10,000, which was posted by Plaintiff on February 13, 2009.  Eight days later, Defendants filed the instant ex parte application.  Defendants argue that the Court should stay and/or reconsider the portion of its preliminary injunction relating to Defendants' use of the wording "D&D GOLD" word mark "because new evidence razes the foundation underlying the Order."

II.     DISCUSSION

     Defendants essentially make three arguments in this ex parte motion.  First, the Court should stay a portion of the preliminary injunction.  Second, the Court should reconsider this same portion of the preliminary injunction.  And, lastly, the Court should increase the bond amount.  Each of these arguments is addressed in turn.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #38

CIVIL MINUTES - GENERAL

| Case No. | CV 08-8211 PSG (JCx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | Sam Liang v. Trong Van Nguyen | | |

    A.    <u>Whether to Stay a Portion of the Preliminary Injunction</u>

    Defendants cite to Federal Rule of Civil Procedure 62(c) ("Rule 62(c)") in support of their argument that the Court should stay the portion of its preliminary injunction relating to Defendants' use of the wording "D&D GOLD" word mark. But, by its own terms, Rule 62(c) applies only when an "appeal is pending from an interlocutory order or final judgment." *See* Fed. R. Civ. P. 62(c). The Court has searched Public Access to Court Electronic Records ("PACER") and has found no evidence than an appeal has been filed. Thus, Defendants' reliance on Rule 62(c) is clearly misplaced. As Rule 62(c) is not applicable in this instance, the Court declines to consider the specific arguments made in relation to Defendants' request for relief under Rule 62(c).

    B.    <u>Whether to Reconsider a Portion of the Preliminary Injunction</u>

    In the alternative, Defendants argue that the court should exercise its discretion to modify the preliminary injunction through reconsideration. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (recognizing that a judge may modify an interlocutory order and ruling anytime prior to final judgment). In support of this argument, Defendants cite to Local Rule 7-18, which provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

    Counsel for Defendants argues that she only recently discovered that Defendants have, for a number of years, been sending checks to Plaintiff. Imprinted on these checks are the words "D&D Gold Product Corporation" with a three bells design trademark. These checks, counsel argues, demonstrate that Plaintiff has known of Defendants' allegedly infringing use of his trademarks for years, yet declined to bring suit until now. Accordingly, she maintains that the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #38**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8211 PSG (JCx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | Sam Liang v. Trong Van Nguyen | | |

doctrine of laches bars Plaintiff from seeking equitable relief.  *See Prudential Ins. Co. of Am. v. Gibraltar Fin. Corp. of Cal.*, 694 F.2d 1150, 1152 (9th Cir. 1982) (observing that laches is available as an equitable defense barring injunctive relief).

Ultimately, the Court need not reach the heart of Defendants' laches argument for Defendants have not convinced the Court that these facts fall within the Local Rules' parameters for a motion for reconsideration.  Under Local Rule 7-18, a motion for reconsideration of the decision on any motion may be made on only three alternative grounds.  *See* L.R. 7-18.  Here, Defendants move for reconsideration on the following ground: "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision."  *Id.*  Counsel for Defendants contends that she could not have reasonably discovered these facts because even though counsel and Defendants enlisted the help of translators, language barriers between counsel and Defendants made it unreasonable for Defendants to fully comprehend the nature of the proceedings and the types of details and information their counsel needed to know.[1]  This argument is, however, unpersuasive.  It was incumbent upon counsel and Defendants to establish a line of communication between themselves so that they could adequately confer with one another.  They, and only they, carry this burden.  Thus, they, and only they, should suffer the consequences of a lack of communication between themselves.

       C.      <u>Whether the Court Should Increase the Bond Amount</u>

Lastly, Defendants argue that the Court's Order should be modified to increase the bond from $10,000 to $300,000.  Defendants had ample opportunity to brief the bond issue in their Opposition to Plaintiff's Motion for Preliminary Injunction.  They failed to do so.  Defendants do not get a "second bite at the apple."

---

[1] Defendants also argue that although this evidence was not introduced earlier due to their admitted inadvertence, "their neglect is excusable, considering its materiality." *Ex Parte App.*, 11:2-4.  By arguing that "excusable neglect" exists in this case, it appears that Defendants confuse Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") with Local Rule 7-18.  Rule 60(b) provides that a court may relieve a party from a final judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  There is not, however, a similar basis under the Local Rules.  *See* L.R. 7-18.  As Defendants cite only to the Local Rules in support of their motion for reconsideration, the Court confines its analysis to that parameter.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #38**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8211 PSG (JCx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | Sam Liang v. Trong Van Nguyen | | |

D.     The General Impropriety of this Motion

Before concluding, it is important for the Court to clarify that it finds this ex parte motion entirely inappropriate. Ex parte motions have great potential to debilitate the adversary system. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192-93 (C.D. Cal. 1989). Besides creating increased, and sometimes unnecessary, tension between counsel, ex parte motions force a court to relegate all other litigants to a secondary priority. *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490-93 (C.D. Cal. 1995). For these reasons, courts will not grant ex parte relief unless (1) the moving party shows that she will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) it is established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492. Setting aside the issue of whether Defendants will be irreparably harmed, Defendants have not demonstrated that they have not created the crisis. In fact, if anything, the record indicates otherwise. Many of the arguments raised by Defendants in the ex parte motion are being raised for the first time, despite the fact that Defendants had an adequate opportunity to present these arguments when opposing the motion for preliminary injunction. For instance, Defendants argue that the Court erred by not giving consideration of Defendants' potential defenses to breach of contract. Defendants also argue that laches bars Plaintiff from injunctive relief. But these arguments were not raised in the opposition. It is not up to the Court to consider every potential defense that might exist in any given case at any given time. Rather, the Court need only consider those arguments raised by the parties in their papers and at oral argument. In this case, that is exactly what the Court did.

The point being made here is that the Court, after considering the arguments before it in connection with the preliminary injunction, determined that Plaintiff had demonstrated a likelihood of success on the merits. During that stage of the proceeding, Defendants did not raise a variety of defenses they raise now. Those arguments should have been raised in Defendants' opposition. Their failure to do so then divests them of the opportunity to do so now.

In summary, ex parte motions are not vehicles for litigating new issues that should have initially been raised at a more appropriate time. Accordingly, the Court declines to grant Defendants' ex parte relief. Additionally, the Court directs Defendants to a particular provision of its Standing Order:

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #38**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8211 PSG (JCx) | Date | February 26, 2009 |
|---|---|---|---|
| Title | Sam Liang v. Trong Van Nguyen | | |

> **Ex Parte Applications**.  The Court considers ex parte applications on the papers and does not usually set these matters for hearing.  If a hearing is necessary, the parties will be notified.  Ex parte applications are solely for extraordinary relief and should be used with discretion.  *Sanctions may be imposed for misuse of ex parte applications.* . . .

*Standing Order*, ¶ 10 (emphasis added).  Defendants are hereby warned that further misuse of ex parte applications will result in the imposition of sanctions.

III.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' ex parte application.

**IT IS SO ORDERED.**