Paul A. Stewart (SBN 153,467)
pstewart@kmob.com
Lauren Keller Katzenellenbogen (SBN 223,370)
lkeller@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

E-FILED 09/28/09

Attorneys for Plaintiff
Sam Liang

JS-6

Jeffrey S. Benice (SBN 81583)
JSB@JeffreyBenice.com
LAW OFFICES OF JEFFREY S. BENICE
A Professional Law Corporation
650 Town Center Drive, Suite 1300
Costa Mesa, CA 92626
Telephone: (714) 641-3600
Facsimile: (714) 641-3604

Attorney for Defendants,
TRONG VAN NGUYEN, OUE LAN
TRUON NGUYEN, and HUNG VAN NGUYEN,
and D&D GOLD PRODUCT CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SAM LIANG, an individual

Plaintiff,

v.

TRONG VAN NGUYEN, QUE LAN TRUON NGUYEN, and HUNG VAN NGUYEN, individuals, and D&D GOLD PRODUCT CORPORATION, a California Corporation

Defendants.

Civil Action No. CV08-8211 PSG (JCx)

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Sam Liang and Defendants Trong Van Nguyen, Que Lan Truon Nguyen, Hung Van Nguyen and D&D Gold Product Corporation (collectively "D&D Gold"), through their respective counsel of record, hereby stipulate and consent to entry of final judgment as follows:

**WHEREAS**, Sam Liang filed this lawsuit against D&D Gold on December 12, 2008 asserting trademark infringement, breach of contract, false designation of origin, unfair competition, and fraudulent trademark registration.

**WHEREAS**, D&D Gold filed an Answer on January 16, 2009 asserting defenses of non-infringement, abandonment, unclean hands, laches, estoppel, waiver, and statute of limitations.

**WHEREAS**, the parties have settled all of their disputes in this Action and have agreed to entry of a Final Consent Judgment and Permanent Injunction as set forth herein;

**IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED THAT:**

1. This Court has subject matter jurisdiction over this action as well as personal jurisdiction over D&D Gold.

2. Venue is proper in this judicial district.

3. In April 2004, Liang and D&D Gold entered into a valid and enforceable Settlement Agreement (the "2004 Agreement") in which both parties agreed not to use any trademark incorporating "D&D GOLD" and in which D&D Gold assigned to Liang all rights and interest in the three bells design/pattern.

4. The Three Bells Trademark shown below (the "Three Bells Trademark") is a valid and enforceable trademark, and Liang is the owner of the Three Bells Trademark and all goodwill associated with the trademark.






5. D&D Gold has infringed the Three Bells Trademark and breached the 2004 Agreement by selling products bearing the trademark "D&D GOLD" and the Three Bells Trademark.

6. D&D Gold breached the 2004 Agreement by filing applications that led to the following trademark registrations:

- U.S. Registration No. 3,112,736 for the following trademark:



- U.S. Registration No. 2,997,453 for the trademark "3 CLOCHES DOREES"
- U.S. Registration No. 2,997,452 for the trademark "BA CHUÔNG VÀNG"
- U.S. Registration No. 3,141,152 for the following trademark:

三鐘食品公司

- U.S. Registration No. 2,957,314 for the trademark "D&D GOLD"

- Canadian Registration No. TMA684563 for the following trademark:




- Canadian Registration No. TMA672653 for the following trademark:




7. As of December 1, 2009, Trong Van Nguyen, Lan Que Truong Nguyen, Hung Van Nguyen, and D&D Gold Product Corporation, all parents, subsidiaries, affiliates, and officers of D&D Gold Product Corporation, D&D Gold's agents, servants, employees, attorneys, and those persons in active concert or participation with D&D Gold who receive actual notice of this Order are permanently enjoined from manufacturing, distributing, shipping, advertising, marketing, promoting, selling or offering to sell any product having the Three Bells Trademark, shown above in paragraph 4, or any confusingly similar mark. This injunction specifically prohibits the use of any mark incorporating the word "GOLD" in English, French, Vietnamese, or Chinese, the word "BELLS" in English French, Vietnamese, or Chinese, or incorporating a picture of one or more bells.

8. As of December 1, 2009, Trong Van Nguyen, Lan Que Truong Nguyen, Hung Van Nguyen, and D&D Gold Product Corporation, all parents, subsidiaries, affiliates, and officers of D&D Gold Product Corporation, D&D Gold's agents, servants, employees, attorneys, and those persons in active

concert or participation with D&D Gold who receive actual notice of this Order are hereby permanently enjoined from manufacturing, distributing, shipping, advertising, marketing, promoting, selling or offering to sell any product having the trademark "THREE GOLDEN BELLS" in English, Vietnamese, French, or Chinese.

9. Trong Van Nguyen, Lan Que Truong Nguyen, Hung Van Nguyen, and D&D Gold Product Corporation, all parents, subsidiaries, affiliates, and officers of D&D Gold Product Corporation, D&D Gold's agents, servants, employees, attorneys, and those persons in active concert or participation with D&D Gold who receive actual notice of this Order are hereby permanently enjoined from manufacturing, distributing, shipping, advertising, marketing, promoting, selling or offering to sell any product having the trademark "D&D GOLD" or any confusingly similar mark, including any mark incorporating "D&D."

10. Trong Van Nguyen, Lan Que Truong Nguyen, and Hung Van Nguyen shall not form any corporation or other legal entity, participate in any corporation or other legal entity, or be employed by any corporation or other legal entity that engages in any of the acts prohibited by Paragraphs 7-9.

11. On or before November 1, 2009, D&D Gold shall provide to Liang a photograph showing D&D Gold's new trademark ("Defendants' new mark") that D&D Gold will use to replace the Three Bells Trademark.

12. On or before November 1, 2009, D&D Gold will begin selling products bearing Defendants' new mark.

13. On or before January 31, 2010, D&D Gold will make an offer in writing to each of its distributors to replace previously sold products bearing the Three Bells Trademark with new products bearing Defendants' new mark.

14. On or before October 1, 2009, D&D Gold will change its corporate name to a name that is not confusingly similar to "D&D GOLD" and does not include "D&D" or "GOLD."

15. D&D Gold shall pay to Liang the sum of U.S. $125,000 in five payments as follows:

(a) On or before October 15, 2009, D&D Gold shall pay to Liang an initial payment of U.S. $25,000.

(b) On or before November 15, 2009, D&D Gold shall pay to Liang a second payment of U.S. $25,000.

(c) On or before December 15, 2009, D&D Gold shall pay to Liang a third payment of U.S. $25,000.

(d) On or before January 15, 2010, D&D Gold shall pay to Liang a fourth payment of U.S. $25,000.

(e) On or before February 15, 2010, D&D Gold shall pay to Liang a fifth payment of U.S. $25,000.

D&D Gold's payments to Liang shall be in the form of a certified bank check drawn on a United States bank made payable to Knobbe, Martens, Olson, & Bear, as attorneys for Liang.

16. On or before September 30, 2009, D&D Gold shall sign and provide to Liang the assignment and power of attorney documents attached as Exhibit A hereto, transferring to Liang all rights in U.S. Trademark Registrations Nos. 3,112,736; 2,997,453; 2,997,452; and 3,141,152 along with all goodwill associated with these trademarks. Additionally, on or before September 15, 2009, D&D Gold shall assign to Liang all other United States and foreign trademark registrations owned by D&D Gold for trademarks that include the words "THREE GOLDEN BELLS" in any language or a design with bells, other than the registrations listed in paragraph 17 below.

17. On or before September 30, 2009, D&D Gold shall expressly abandon its U.S. Trademark Registration No. 2,957,314 for the trademark "D&D GOLD" and its Canadian Trademark Registrations Nos. TMA684563 and TMA672653 by filing the necessary papers with the U.S. Trademark Office and the Canadian Trademark Office.

18. Liang's claims asserted in the Complaint in this Action are dismissed with prejudice.

19. Liang was awarded his attorneys' fees and costs incurred in bringing this action, and that amount is included in the U.S. $125,000 in paragraph 15 above. D&D Gold will bear its own costs and attorneys' fees in this action.

20. No other or further relief is granted to any party.

21. The parties affirmatively waive any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

22. The Court retains jurisdiction over this Final Consent Judgment and Permanent Injunction for the purpose of ensuring compliance with the terms hereof.

Dated:__09/28/09

**PHILIP S. GUTIERREZ**
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:__________________ By:______________________________
Paul A. Stewart
Lauren Keller Katzenellenbogen

Attorneys for Plaintiff San Liang

LAW OFFICES OF JEFFREY S. BENICE

Dated: _______________ By: ______________________________________
Jeffrey S. Benice

Attorneys for Defendants
Trong Van Nguyen, Oue Lan Truon Nguyen, Hung Van Nguyen and D&D Gold Product Corporation

7733301
082809